PRICE LAW GROUP, APC
David Chami, Esq. (Bar No. 218456)
1204 East Baseline Road, Suite 102
Tempe, Arizona 85283
Telephone: 866.881.2133
Facsimile: 866.401.1457
david@pricelawgroup.com

Attorney for Plaintiff,
JESSE FENSTER

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JESSE FENSTER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>BURSEY & ASSOCIATES, P.C.; MSW CAPITAL, LLC;<br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

### I.   INTRODUCTION

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Bursey & Associates, P.C., and MSW Capital, LLC, in negligently, knowingly, and/or willfully acting in violation of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.   PARTIES

4. Plaintiff is an individual residing in Surprise, Arizona. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Bursey & Associates, P.C. ("Bursey") is a collection law firm with its place of business located in Tuscon, Arizona. Defendant MSW Capital, LLC ("MSW") is a limited liability company with its place of business in Basking Ridge, New Jersey.

6. Both of Defendants' principal purpose is the collection of debts and Defendants regularly collect or attempt to collect the debts owed or due or asserted to be owed or due another. Defendants regularly use the telephone and the mail to engage in the business of collecting debt in several states including, Arizona. Thus, both Defendants are a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect an alleged debt originally stemming from a credit account with Credit One Bank with account number ending in 6437 ("alleged debt").

8. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes,

whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. On or about March of 2013, Credit One Bank charged-off the alleged debt owed to it (the "charge-off date").

10. According to information provided by Transunion on April 18, 2014, as of the charge-off date, Plaintiff allegedly owed approximately $1,638.00 to Credit One Bank.

11. Upon information and belief, Credit One Bank last sent Plaintiff a statement, or other correspondence on the alleged debt, prior to the charge-off date.

12. Credit One Bank ceased charging and collecting interest on the alleged debt as of the charge-off date.

13. Credit One Bank waived its right to charge and collect post charge-off interest on the alleged debt.

14. As of April 18, 2014, Credit One Bank continues to report the alleged debt as a charged-off debt with an alleged balance of $1,638.00.

15. Upon information and belief, Credit One Bank's regular business practice is to cease charging and collecting interest on its accounts as of the date it charges-off an account.

16. Sometime prior to November 12, 2013, Defendant MSW purchased the alleged debt once owed to Credit One Bank.

17. When MSW purchased the alleged debt from Credit One Bank, it took all rights, title and interest of Credit One Bank existing as of the date of purchase.

18. MSW did not acquire from Credit One Bank any right to add post charge-off date interest to the alleged debt.

19. Upon information and belief, MSW knew and understood, when it purchased the alleged debt from Credit One Bank, that no additional interest accrued, or could accrue, on the alleged debt after the charge-off date.

20. On or about December 18, 2013, Bursey, by and on behalf of MSW, filed a civil lawsuit against Plaintiff in the Hassayampa Justice Court of Maricopa County titled MSW Capital, LLC v. Susan Fenster and Jesse Fenster; Case No. CC2013226632RC.

21. The December 18, 2013 lawsuit filed by Bursey, by and on behalf of MSW, seeking to collect the alleged debt. A copy of the Complaint is attached hereto as "Exhibit A."

22. On page 2, paragraph 1 of Exhibit A, it states that MSW prays for:

> For judgment against Defendant(s) in the sum of the principal balance of $2,010.32 **plus interest at the rate of ten percent (10%) per year from the date of default, December 16, 2012, until the date of judgment**, and thereafter interest at the rate of 4.25%, minus any payments made.

(emphasis added).

23. By way of the December 18, 2013 lawsuit filed against Plaintiff, filed and signed by Bursey and on behalf of MSW, Defendants are attempting to collect from Plaintiff post charge-off date interest on the alleged debt as Defendants seek to recover any alleged interest that may have incurred from December 16, 2012 up to the date of judgment, which has yet to be entered in that matter.

24. By seeking and attempting to collect from Plaintiff post charge-off date interest on the alleged debt – that neither MSW nor Bursey had or have a right to collect – Defendants are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1).

### V. CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All Persons within the United States whom Bursey, within one year before the date of this Complaint, attempted to collect interest on an alleged consumer debt – that MSW retained Bursey to collect – that Bursey did not have the right to collect.

26. Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

1  informed and believes and thereon alleges that The Class includes hundred of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

28. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendants have a policy of seeking to collect post charge-off interest on consumer debts from individuals in the United States.

    b. Whether Defendants have sought to collect post charge-off interest on consumer debts from individuals in the United States; and

    c. The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

29. As a person from whom Defendants sought and currently do seek to collect post charge-off interest from, Plaintiff is asserting claims that are typical of The Class.

30. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

31. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

33. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

## COUNT I: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and The Class Against All Defendants)

34. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

35. Based upon the foregoing, Defendant's conduct violated the FDCPA.

36. Plaintiff alleges that to the extent that Defendants' actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

37. As a direct and proximate result of Defendants' violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

38. The violations of the FDCPA*, 15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendants continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

3. For reasonable attorneys' fees and costs of suit;

4. For prejudgment interest at the legal rate; and

5. For such further relief as this Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP, APC

Dated: April 25, 2014     By: /s/ David Chami
                              David Chami, Esq.
                              *Attorney for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# **EXHIBIT A**

23
24
25
26
27
28

Barry Bursey, Esq.
PCC #7320, SB #7617
6740 N Oracle Rd Suite 151
Tucson, Arizona 85704
(520) 529-3600 Voice
(520) 529-1001 Fax
Email: litigation@bursey.org

Office of the Clerk of the Maricopa - Hassayampa Justice, 14264 W Tierra Buena Lane, Surprise, AZ 85374 (602)372-2000

IN THE HASSAYAMPA JUSTICE COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MSW CAPITAL, LLC, a limited liability company, | Case No. CC2013226632RC |
| Plaintiff, | SUMMONS. |
| vs. | CIVIL |
| SUSAN FENSTER and JESSE FENSTER, husband and wife | |
| Defendants | |

THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):

Susan Fenster; DOB 03/11/1948; RESIDENCE ADDRESS 15294 W Doll La; Surprise, Az 85374; EMPLOYER AND ADDRESS ;;;.

1. You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee. If you cannot afford to pay the required fee, you may request the court to waive or to defer the fee.

2. If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service. If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3. This court is located at 14264 W Tierra Buena Lane, Surprise, AZ 85374.

4. You answer must be in writing. (a) You may obtain an answer form from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to fill out your answer form electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

1

5. You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF'S COMPLAINT.

Date: 12/18/13

Judge's Signature   (COURT SEAL)

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.

Barry Bursey
PCC No. 7328, SB No. 7617
BURSEY & ASSOCIATES, P.C.
6740 N Oracle Rd Suite 151
Tucson, AZ 85704
(520) 529-3600 Voice
(520) 529-1001 Fax
Email: litigation@bursey.org

Attorney for Plaintiff,
MSW Capital, LLC

MARICOPA COUNTY JUSTICE COURT, ARIZONA
HASSAYAMPA JUSTICE COURT 14264 W Tierra Buena Lane, Surprise, AZ 85374

| | |
|---|---|
| MSW CAPITAL, LLC,<br>a limited liability company, | No. CC2013226632RC |
| Plaintiff, | COMPLAINT |
| vs. | (CONTRACT) |
| SUSAN FENSTER and JESSE FENSTER,<br>husband and wife | FAST TRACK |
| Defendants. | |

Plaintiff, through undersigned counsel, alleges as follows:

1. Plaintiff is a limited liability company.

2. Defendant(s) (is are) (husband and wife and) (a) resident(s) of Maricopa - Hassayampa County, Arizona. Acts of individual defendants occurred on behalf of their respective marital communities. If this debt is a pre-marital debt, the non-debtor spouse is joined only as a necessary party pursuant to the law affecting community property.

3. This Court has subject matter and personal jurisdiction.

4. All pertinent acts and omissions giving rise to this lawsuit occurred in Maricopa - Hassayampa County, Arizona.

5. All conditions precedent to Plaintiff's right of recovery have occurred.

6. By accepting and using an offered credit card, Defendant(s) entered into a credit card agreement with Credit One Bank, N.A. under account number ending in 6437 and agreed to the applicable terms and conditions of that credit card (the "Debt"). Plaintiff is the successor-in-interest ("Holder") of the Debt.

7. Defendant(s) (is)(are) in default under the terms of the Debt. The present amount owed under the terms of the Debt, after all setoffs, is $2,010.32.

8. Despite demand to do so, Defendant(s) (has)(have) failed to pay the amount owed.

9. The acts and omissions of Defendant(s) constitute a breach of contract. The Holder has been damaged thereby.

10. Plaintiff's cause of action arises out of contract. Pursuant to the terms of the Debt and A.R.S. § 12-341.01, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays as follows:

1. For judgment against Defendant(s) in the sum of the principal balance of $2,010.32 plus interest at the rate of ten percent (10%) per year from the date of default, December 16, 2012, until the date of judgment, and thereafter interest at the rate of 4.25%, minus any payments made;

2. For an award of attorney's fees in a fair and reasonable amount to be determined in the discretion of the Court with more particularity at the time of trial, and in the lesser sum of the amount allowed by applicable law or the suggested amount of $502.58;

3. For costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: November 12, 2013

BURSEY & ASSOCIATES, P.C.

By_____
Barry Bursey, Esq.
Jason J. LeRoy, Esq.
Peter M. Balsino, Esq.
Jay Powell, Esq.
Monica L. Derrick, Esq.
Esther Simon, Esq.
Attorneys for Plaintiff

```
Barry Bursey
PCC No. 7328, SB No. 7617
BURSEY & ASSOCIATES, P.C.
6740 N Oracle Rd Suite 151
Tucson, AZ 85704
(520) 529-3600 Voice
(520) 529-1001 Fax
Email: litigation@bursey.org

Attorney for Plaintiff,
MSW Capital, LLC
```

MARICOPA COUNTY JUSTICE COURT, ARIZONA
HASSAYAMPA JUSTICE COURT 14264 W Tierra Buena Lane, Surprise, AZ 85374

| | |
|---|---|
| MSW CAPITAL, LLC, a limited liability company, | No. CC2013-221 06632 RC |
| Plaintiff, | NOTICE TO LITIGANTS: REQUIREMENTS TO APPEAL A DECISION OF THE JUSTICE OF THE PEACE |
| vs. | |
| SUSAN FENSTER and JESSE FENSTER, husband and wife | |
| Defendants | |

If you disagree with the decision of the Justice of the Peace in your case, you have the right to appeal this decision to a judge of the Superior Court. The law governing appeals requires that certain steps be taken in order to bring such an appeal.

1. At the beginning of the proceeding (i.e. trial), the Justice of the Peace must advise you that the right to appeal requires a record be made of the proceeding (i.e. trial).

2. Either party to a case can request a record be made.

3. The cost of the recording of the trial proceeding shall be the responsibility of the Court.

4. An appeal shall be on the record of the proceeding if the record includes a transcript of the proceeding.

5. THE COST OF PREPARING THE TRANSCRIPT OF THE PROCEEDING SHALL BE THE RESPONSIBILITY OF THE PARTY APPEALING THE CASE.

6. A *de novo* trial (trial without a transcript) will only be granted when the Superior Court determines the transcript is insufficient or in such a condition the Court cannot properly consider the appeal.

I hereby acknowledge receipt of this information and understand its meaning.

Dated: November 12, 2013

_____          _____
Attorney for Plaintiff                              Defendant

                                                    _____
                                                    Defendant

*********************************************************

**NOTICE**
EFFECTIVE IMMEDIATELY, THE FOREGOING "NOTICE TO LITIGANTS" FORM IS TO BE COMPLETED AND SUBMITTED WITH EACH AND EVERY COMPLAINT AND ANSWER THAT IS FILED BY ANY PARTY TO A CIVIL CASE.

| | |
|---|---|
| 1 | Barry Bursey<br>PCC No. 7328, SB No. 7617 |
| 2 | BURSEY & ASSOCIATES, P.C.<br>6740 N Oracle Rd Suite 151 |
| 3 | Tucson, AZ 85704<br>(520) 529-3600 Voice |
| 4 | (520) 529-1001 Fax<br>Email: litigation@bursey.org |
| 5 | Attorney for Plaintiff MSW Capital, LLC |

MARICOPA COUNTY JUSTICE COURT, ARIZONA

HASSAYAMPA JUSTICE COURT 14264 W Tierra Buena Lane, Surprise, AZ 85374

| | | |
|---|---|---|
| MSW CAPITAL, LLC,<br>a limited liability company, | ) ) ) | No. CC2013226632 RC |
| Plaintiff, | ) ) | NOTICE TO THE DEFENDANT |
| vs. | ) ) | |
| SUSAN FENSTER and JESSE FENSTER,<br>husband and wife | ) ) ) | |
| Defendants | ) ) ) | |

<u>A lawsuit has been filed against you in justice court!</u>
*You have rights and responsibilities in this lawsuit. Read this notice carefully.*

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them. A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney. A corporation has a right to be represented by an officer of the corporation, and a limited liability company ("LLC") may be represented by a managing member. A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due. The clerks and staff at the court are not allowed to give you legal advice. If you would like legal advice, you may ask the court for the name and the phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit. The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at http://www.azcourts.gov/, under the "AZ Supreme Court tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint in writing and within twenty (20) days from the date you were served with the summons and complaint (or thirty (30) day if you were served out-of-state.) If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you. Your answer must state your defenses to the lawsuit. Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. You may prepare your anser electronically at http://www.azturbocourts.gov/; this requires payment of an additional fee. You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and

the names of the parties. You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4.  You may bring a claim against the plaintiff if you have one. When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5.  You must pay a filing fee to the court when you file your answer. If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6.  You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit. However, until an agreement is reached you must still file your answer and participate in the lawsuit. During the lawsuit, the court may require the parties to discuss settlement.

7.  Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other. The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit. A party may also learn more about the other side's case through discovery. Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8.  The court will notify you of all hearing dates and trial dates. You must appear at the time and place specified in each notice. If you fail to appear at a trial or a hearing, the court may enter a judgment against you. To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.



**CREDIT ONE BANK CREDIT CARD STATEMENT**
Account Number 4447 9621 4591 6437
September 15, 2012 to October 14, 2012

ACCESS YOUR ACCOUNT AT
www.CreditOneBank.com

### SUMMARY OF ACCOUNT ACTIVITY

| | |
|---|---|
| Previous Balance | $1,780.82 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Purchases | $0.00 |
| Cash Advances | $0.00 |
| Fees Charged | $43.25 |
| Interest Charged | $32.39 |
| New Balance | $1,856.46 |
| Credit Limit | $1,750.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 10/14/12 |
| Days in Billing Cycle | 30 |

**QUESTIONS?**
Call Customer Service or Report
a Lost or Stolen Credit Card  1-877-825-3242
Outside the U.S. Call  1-702-405-2042

Please send billing inquiries and correspondence to:
P.O. BOX 98873 LAS VEGAS, NV 89193-8873

### PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $1,856.46 |
| Past Due Amount | $420.00 |
| Amount Due This Period | $128.00 |
| Minimum Payment Due | $548.00 |
| Payment Due Date | 11/10/12 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.

For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 5 years | $2,610 |
| $70 | 3 years | 2,619 (Savings = $9) |

If you would like a location for credit counseling services, call 1-866-515-5720.

### TRANSACTIONS

| Reference Number | Trans Date | Post Date | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| F572700MG000CYLAC | 10/14 | 10/14 | Fees. ANNUAL FEE 11/12 THROUGH 11/12 | 8.25 |
| | 10/14 | 10/14 | LATE FEE | 35.00 |
| | | | TOTAL FEES FOR THIS PERIOD | 43.25 |
| | 10/14 | 10/14 | Interest Charged. Interest Charge on Purchases | 32.39 |
| | 10/14 | 10/14 | Interest Charge on Cash Advances | 0.00 |
| | | | TOTAL INTEREST FOR THIS PERIOD | 32.39 |

**2012 Totals Year-to-Date**

| | |
|---|---|
| Total fees charged in 2012 | $119.75 |
| Total interest charged in 2012 | $314.37 |

YOUR ACCOUNT IS PAST DUE AND WILL ADVERSELY
AFFECT YOUR CREDIT RATING. PLEASE PAY THE
MINIMUM AMOUNT DUE NOW OR CALL (888) 729-6274.
YOUR ACCOUNT IS CURRENTLY CLOSED.

### INTEREST CHARGE CALCULATION

Your Annual Percentage Rate (APR) is the annual rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 23.90%(v) | $1,625.85 | $32.39 |
| Cash Advances | 23.90%(v) | $0.00 | $0.00 |

(v) = Variable Rate

---

5365_0001 BBH    1   7 14  121214     CX Page 1 of 1    5727  9620  H120  01CT5365  15705

Please return this portion with your payment, and write your account number on your check, made payable to CREDIT ONE BANK.

**CreditOne BANK**

☐ For address, telephone and email changes, please check the box and complete reverse side. Or, update your contact information online at www.CreditOneBank.com

PAY YOUR BILL ONLINE at CreditOneBank.com

| | |
|---|---|
| Account Number: | 4447 9621 4591 6437 |
| New Balance: | $1,856.46 |
| Minimum Payment Due: | $548.00 |
| Payment Due Date: | 11/10/12 |
| AMOUNT ENCLOSED: | $ |

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

SUSAN FENSTER
PO BOX 7935
SURPRISE AZ 85374-0115

15705
A109

0000000 0185646 0051300 444796214591643? 6